David Kaup 62547112
Federal Correctional Institute 2
Post Office Box 3850
Adelanto, California 92301



FILED
CLERK, U.S. DISTRICT COURT

JUL 22 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAVID KAUP,
          Plaintiff,

v.

Alicia Sundstrom - President,
Financial Credit Network Inc,
          Defendant.

CV 15 - 05556 - SJO (PJWx)
Case No.

COMPLAINT

A.                    JURISDICTION

1.     This is an action that alleges that this court has federal
question jurisdiction over this action pursuant to 28 U.S.C. § 1332 because:

a.     The plaintiff is an indindividual residing in and a citizen of the
State of California;

b.     The defendant is a corporation organized and existing under the
laws of the State of California with its principle place of business in
Visalia, California.

c.     There is a complete diversity of citizenship between the
plaintiff and the defendant.

B.                    DEFINITIONS

2.     The plaintiff, David Kaup is a "consumer" as defined by 15 U.S.C.
§ 1692a(3), as "any natural person obligated or allegedly obligated to pay
any debt".

3.     The defendant, Financial Credit Networ Inc. is a "debt collector"
as defined by 15 U.S.C. § 1692a(6), as "any person who uses any

Page 1 of 9

1   instrumentality of interstate commerce or the mails in any business the
2   principle purpose of which is the collection of any debts, or who
3   regularly collects or attempts to collect, directly or inderectly, any
4   debts owed or due or asserted to be owed or due to another."

5   C.                     STATEMENT OF THE CASE

6       4.      On May 2, 2015, The plaintiff obtained a copy of his credit
7   report Equifax Information Services, Experian Information Solution, and
8   Trans Union Corporation through intermediary www.freecreditreport.com which
9   revealed that Financial Credit Network ("defendant") had placed an entry
10  on the plaintiffs credit report communicating that the plaintiff allegedly
11  had an account in default with the defendant in the amount of $63.00.
12  See Exhibit A.

13      5.      The defendant took receipt of the plaintiffs " Notice of
14  Administrative Remedy", which was signed and executed May 06, 2015. In
15  that document the plaintiff requested that the defendant validate the
16  alleged debt pursuant to the Fair Debt Collection Practicves Act or also
17  known as "FDCPA", 15 U.S.C. § 1692g(a) and § 1692g(b) through regular
18  mail. See Exhibit C.

19      6.      On May 25, 2015, The plaintiff mailed to the three major credit
20  bureaus, Equifax Information Services, Experian Information Solution, and
21  Trans Union Corporation disputing that the debt owed to Financial Credit
22  Network in the amount of $63.00 was unknown, inaccurate and incomplete.
23  In that letter, another request for verification and proof of debt was
24  requested. The plaintiff asked to permenantly remove the disputed
25  information from his personal credit profile if the investigation proved
26  to be inaccurate. See Exhibit B.

27      7.      On June 03, 2015, A letter from Financial Credit Network stated,

1   " We have deleted the account from your credit report." and "After

2   careful review, your issues have been previousl addressed." The original

3   creditor expressed this transaction as a "Write-Off" indicating the

4   Monthly Payment, High Balance, and Limit as $0.00. **See Exhibit A & E.**

5      8.     Black's Law Dictionary Deluxe Ninth Edition defines " Write-Off"

6   as, " To transfer the entire balance (of an asset account) to an expense

7   or loss account to reflect the asset's total loss of value."

8      9.     Regardless of the defendant agreeing to discontinue collections

9   from the plaintiff, The defendant "Knowingly" tried to collect on a debt

10   that the original creditor already reflected on their balance sheets as a

11   "total loss of value".

12      10.     Black's Law Dictionary Ninth Edition defines "knowingly" as,

13   "knowledge that one is acting in violation of some law or regulation;

14   knowledge that the act being done is illegal.

15   D.                              **CLAIM ONE**

16      11.     The plaintiff asserts that the defendant violated section

17   15 U.S.C. § 1692e(2)(A) of the Fair Debt Collections Practices Act when

18   the defendant reported to Equifax Information Services, Experian

19   Information Solutions, and Trans Union Corporation that the plaintiff is

20   in default with the defendant for the amount of $63.00 through assignment

21   from the original creditor. **See Exhibit A**

22      12.     Tourgeman v. Collins Fin. Servs 755 F.3d 1119 states the

23   "false representation of the character, amount, or legal status of any

24   debt" is prohibited by the ("FDCPA"). The defendant intended to manipulate

25   the plaintiff by falsely representing the alleged debt even though it was

26   reported by the original creditor as a "Write-Off".

27      13.     The plaintiff hereby seeks statutory damages in the amount of

1 | $1,000.00 for each of the three (3) violations of 15 U.S.C. § 1692e(2)(A)
2 | defendant.

3 | E.                          **CLAIM TWO**

4 |     14:    The plaintiff asserts that the defendant violated section
5 | 15 U.S.C. § 1692e(8) of the Fair Debt Collections Practices Act when the
6 | defendant communicated false information concerning the alleged debts
7 | which the plaintiff never owed to the defendant. The defendant communicated
8 | to Equifax Informaton Services, Experian Information Solutions, and Trans
9 | Union Corporation false information, stating that Financial Credit
10 | Network had been assigned the task to colect said debt from the plaintiff,
11 | and the plaintiff was in default to the defendant when clearly the debt
12 | had been written off by the original creditor. See Exhibit A.

13 |     15.    Guerero v. RJM Acquisitions LLC. 499 F.3d 943 (9th Cir. U.S.
14 | App LEXIS 20072) states " Communicating or threatening to communicate to
15 | to any persons credit information which is known.....to be false." In
16 | order to sustain section 1692e(8), Financial Credit Network never had
17 | valid assignment authorizing them to pursue and report to all three credit
18 | bureaus alleged debt associated with the plaintiff.

19 |     16.    The plaintiff hereby seeks statutory damages in the amount of
20 | $1,000.00 for each of the three (3) violations of 15 U.S.C.  § 1692e(8)
21 | made by the defendant.

22 | F.                         **CLAIM THREE**

23 |     17.    The plaintiff asserts that the defendant violated section
24 | 15 U.S.C. § 1692e(10) of the Fair Debt Collections Practices Act ("FDCPA")
25 | when the defendant used false and deceptive means to collect debts from
26 | the plaintiff in the amount of $63.00. The original debt had been written
27 | off by the creditor which indicated the Monthly Payment, High Balance,

1   and Limit as $0.00. By communicating false information, the defendant

2   attempted to gain an advantage of an unsophisticated consumer through

3   false misrepresentation.

4       18.     Heathman v. Portfolio Recovery Assocs., LLC, U.S. Dist. LEXIS

5   27057 (9th Cir. 2013) states, " A debt collector violates [section

6   1692e(10)] if it ' use[s].... a false representation or deceptive means to

7   collect or attempt to collect any debt or to obtain information concerning

8   a consumer' ( a debt collectors representation that a debt is owed to it

9   when in fact it is not, amounts to a misrepresentation barred by the

10  "FDCPA"."

11      19.     The plaintiff hereby seeks statutory damages in the amount of

12  $1,000.00 for each violation of 15 U.S.C. § 1692e(10) made by the

13  defendant.

14  G.                              **CLAIM FOUR**

15      20.     The plaintiff asserts that defendant violated section 15 U.S.C.

16  § 1692e(12) of the Fair Debt Collections Practices Act when the defendant

17  communicated the false representation that the alleged accounts were

18  turned over to Financial Credit Network for value to Equifax Infomration

19  Services, Experian Information Solution, and Trans Union Corpoation. The

20  defendant never received valid assignment to pursue or report to the

21  major credit reporting agencies regarding the debts associated with the

22  plaintiff.

23      21.     On May 06, 2015, The plaintiff mailed a " Debt Disclosure

24  statement" to Financial Credit Network to be filled out completely and

25  returned. There are several questions that are asked regarding the

26  transfer and assignment of the original debt which the defendant never

27  answered. The plaintiff never received any proof of valid assignment,

1  verification of transfer right of debt, the terms of the transfer right of

2  debt, nor evidence that the defendant had the right to collect on a debt

3  as a "Third Party" by the original creditor.

4    22.    Fortunato v. Hopp Law Firm, LLC, 2012 U.S. Dist LEXIS 152712

5  (9th Circuit) states, " Section 1692e(12) prohibits the false

6  representation or implication that accounts have been turned over to

7  innocent purchasers for value."

8    23.    When determining whether a misrepresentation in a debt collection

9  has been made, the court must apply the " Least sophisticated debtor"

10  standard. The analysis is objective and " Takes into account whether the

11  'least sophisticated debtor' would likely be misled by a communication."

12  (quoting Donohue v. Quick Collect, Inc., 592 F.3d 1027.1030 (9th Cir.

13  2010) The plaintiff was falsely represented by the defendant of the

14  transfer of debt by the original creditor.

15    24.    The plaintiff hereby seeks statutory damages in the amount of

16  $1,000.00 for each of the three (3) violations of 15 U.S.C. § 1692e(12)

17  made by the defendant.

18  H.                     **CLAIM FIVE**

19    25.    The plaintiff asserts that the defendant violated section

20  15 U.S.S.C. § 1692f(1) of the Fair Debt Collection Practices Act when the

21  defendants unconscionable means to attempt to collect alleged debts by

22  reporting to Equifax Information Services, Experian Information Solutions,

23  and Trans Union Corporation that Financial Credit Network had obtained

24  legal permission documented by a valid assignment that the plaintiff was

25  now in default with debt owed to the defendant. This was an attempt to force

26  the plaintiff to pay monies allegedly owed to the defendant when in fact

27  the creditor had written off the debt as $0.00.

26.     Sukiasyan v. OCS Recovery Inc., U.S. Dist. LEXIS 29877 (9th Cir. 2013) states, " a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fees, charge, or expense incidental to the principle obligation) unless such amount is expressingly authorized by the agreement creating the debt or permitted by law." Minus the agreement to collect on the attempted debt, the defendant is in direct violation of this section.

27.     The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for each of the three (3) violations of 15 U.S.C § 1692f(1) made by the defendant.

I.                                   DAMAGES

28.     15 U.S.C. § 1692k - Civil Liablity - (a) Amount of Damages - Except as otherwise prohibited by this section, any debt collector who fails to comply with any provision of this title [15 USCS §§ 1692 et seq.] with respect to any person liable to such person in the amount equal to the sum of:

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00

J.                              REQUESTED RELIEF

CLAIM ONE: A violation of 15 U.S.C. § 1692e(2)(A) is $1,000.00 for the false representation of debt reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

TOTAL DAMAGES:                    + $3,000.00

CLAIM TWO: A violation of 15 U.S.C. § 1692e(8) of the ("FDCPA") is $1,000

1 for submitting false information to each of the three credit reporting

2 agencies, Equifax Information Services, Experian Information Solutions,

3 and Trans Union Corporation by the defendant.

4 **TOTAL DAMAGES:**                    + $3,000.00

5 **CLAIM THREE:** A violation of 15 U.S.C.  § 1692e(10) of the ("FDCPA") is

6 $1,000.00 for the false communication by the defendant to Equifax

7 Information Services, Experian Information Solutions, and Trans Union

8 Corporation.

9 **TOTAL DAMAGES:**                    + $3,000.00

10 **CLAIM FOUR:** A violation of 15 U.S.C. § 1692e(12) of the ("FDCPA") is

11 $1,000.00 for the false representation by the defendant regarding the

12 plaintiffs alleged debt reported to Equifax Information Services, Experian

13 Information Solutions, and Trans Union Corporation.

14 **CLAIM FIVE:** A violation of 15 U.S.C. § 1692f(1) of the ("FDCPA") is $1,000.00

15 for the unconscionable means used by the defendant to attempt to collect

16 on a debt by the plaintiff knowing the debt had been "Written Off" by the

17 original creditor. This includes reporting to the three major credit

18 reporting agencies Equifax Information Services, Experian Information

19 Solutions, and Trans Union Corporation of the unconscionable means to collect

20 **TOTAL DAMAGES:**                    + $3,000.00

21     29.    The total amount of damages requested by the plaintiff is

22 **$15,350.00**

23     30.    The 350.00 added is the court cost associated with this action.

24

25     I David Kaup, hereby declare under penalty of perjury in the State

26 of California, that the information stated above and any attachments is

27 true and correct.

**Page 8 of 9**

1    DATED: 07/10/2015                    BY _____
2                                             David Kaup
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Page 9 of 9

TRULINCS  62547112 - KAUP, DAVID - Unit: VVM-A-U

--------------------------------------------------------------------------------

Balance $63.00
Past Due $63.00
Date Opened 12/1/2009
Account Status
Mo. Payment $0.00
Payment Status Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection
department
High Balance $0.00
Limit $0.00
Terms 1 Month

INANCIAL CREDIT NETWQ
5597337550
1300 W MAIN ST
VISALIA, CA 93291
Unknown
Account Name FINANCIAL CREDIT NETWO
Account # 792XXXX
Account Type Other Collection Agencies
Balance $63.00
Past Due $63.00
Date Opened 12/1/2009
Account Status
Mo. Payment $0.00
Payment Status Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection
department
High Balance $0.00
Limit $0.00
Terms 1 Month

FINANCIAL CREDIT NETWO
5597337550
1300 W MAIN ST
VISALIA, CA 93291
Unknown
Account Name FINANCIAL CREDIT NETWO
Account #792XXXX
Account Type Other Collection Agencies
Balance $63.00
Past Due $63.00
Date Opened 12/1/2009
Account Status
Mo. Payment $0.00
Payment Status Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection
department
High Balance $0.00
Limit $0.00
Terms 1 Month
Comments

GRANT & WEBER
8188787700
26575 WEST AGOURA ROAD
CALABASAS, CA 91302
Unknown
Account Name GRANT & WEBER
Account #00627XXXX
Account Type Other Collection Agencies
Balance $300.00

EXHIBIT B

TRULINCS 62547112 - KAUP, DAVID - Unit: VVM-A-U

---------------------------------------------------------------------------------------------

FROM: 62547112
TO:
SUBJECT: Financial Credit Network


Date:
05/25/2015

Name:
David Kaup

DOB:
01/26/1983

SSN:
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

Mailing Address:
David Kaup-62547112
Federal Correctional Institute 2
Po Box 3850
Adelanto, CA 92301


To Experian-Equifax and/or Trans Union,

I obtained a copy of my consumer credit report through intermediary www.freecreditreport.com on 05/02/2015. I am sending this letter to dispute matters below which is unknown, inaccurate and incomplete. I requested verification and proof of debt from Financial Credit Network and never received a response regarding this matter. I would like to have this permanently removed from my credit report. Thank You

Account Name: Financial Credit Network
Creditor Address: 1300 West Main Street, Visalia, CA 93291
Account Status: Closed
Account# 792XXXX
Date Opened: 12/01/2009

EXHIBIT C

## NOTICE

**DATE:** 05/06/2015

David Kaup
(Consumer)

**Certified Mail Number #**

Financial Credit Netwo
(Debt Collector)

**Alleged Account(s)**
**#** 792 XXXX
SSN# 612-03-xxxx

**SUBJECT:** Request for Validation of Debt, and Notice of Reservation of Rights for initiating a Counter Claim against the Debt Collector's official Bond.

Consumer's Private Notice of Administrative Remedy

The private notice of administrative remedy demand is binding upon every principle agent regarding the subject matter set forth herein above.

Written communication for Validation of alleged debt(s) pursuant to Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (a)(1).

It has come to my attention after reviewing a copy of my credit report dated 05/01/2015 that your agency has communicated to Equifax, Transunion or Experian that I owe ($) 63.00 to your company. Please note that I consider your demand for money a written communication from a debt collector. I now exercise my rights pursuant to 15 U.S.C. § 1692(a)(1) and request validation of the alleged debt.

I have included with this notice for proof of debt also known as a "DEBT COLLECTION DISCLOSURE STATEMENT" for the legitimate purpose of insuring that your agency's validation is executed in accordance with the laws codified in TITLE 15 U.S.C. § 1692g and must be completed in full by your agency and returned to me within thirty days (30

PAGE 1 of 5

of your agency's receipt.

## CAVEAT

1.     I am respectfully providing advance notice to your agency of the civil liabilities under **TITLE 15 U.S.C. § 1692** for failure to comply with said provisions of this title [15 USCS§§ 1692 et seq.].

2.     Upon receipt of this **NOTICE**, The debt collector must cease all collection activity regarding the alleged debt(s) until the respondent is sent the herein requested verification as required by the **FAIR DEBT COLLECTION PRACTICES ACT.**

3.     If debt collector, such as by commission, omission, and other wise:

> (a) Fails in giving respondent full disclosure regarding the nature and cause of debt collector's claim concerning the herein above referenced alleged debt.
>
> (b) Makes false representation of the character of herein above referenced alleged debt.
>
> (c) Makes false representation of the legal status of the herein above referenced alleged debt.
>
> (d) Makes any threat of action that cannot legally be taken in violation of any applicable law, such as the law at the **FAIR DEBT COLLECTION PRACTICES ACT.**

Respondent may initiate a counterclaim and claim against the debt collector's bond as well as bonds of any principle agent, and assignee of debt collector whose acts and omissions result in the respondent sustaining any tort injury.

4.     Debt Collector is also hereby given **Notice** that:

**PAGE 2 of 5**

DISCLOSURE STATEMENT ATTACHED

(a) Debt Collector's unsubstantiated demand for payment. A
a scheme to be delivered by mail may constitute mail fraud
under the State and Federal Laws. (Debt Collector may wish
to consult with a competent legal council before
originating any further communication with respondent)

(b) Debt Collector's failure in providing respondent the
requisite Verification, Validating the above referenced
alleged debt within the requirements of law as coded in the
**FAIR DEBT COLLECTION PRACTICES ACT** and the corresponding
laws of each state signifies that debt collector tacitly
agrees that:

I   Debt Collector has no lawful, bona fide, verifiable claim
regarding the above referenced alleged account.

II  Debt Collector waives any and all claims against respondent.

III Debt Collector tacitly agrees that Debt Collector will
**compensate** respondent for al cost, fees, and expenses
incurred in defending against this claim and any continued
fraudulent collection attempts regarding the above referenced
alleged account.

5.    This is also an attempt for determining the nature and basis
of a case or counterclaim against the debt collector, and any
information contained within debt collector's commission, omission,
and the like will be used for that purpose.

PAGE 3 of 5

THIS IS A NOTICE OF RESERVATION OF RIGHT FOR INITIATING A
COUNTERCLAIM AND FILING A CLAIM AGAINST AN OFFICIAL BOND:

Financial Credit Netwo
  NAME OF COMPANY OR BOND HOLDER

### ***CAVEAT***

7.    In the event that the debt collector does not respond to this
"Notice" within the prescribed time limit for reponle and there has
likewise been no request for extension of time with good cause shown
therein, then the debt collector agrees that debt collector has
submitted a fraudulent claim against respondent, and reespondent can
file a law suit for costs, fees, and injuries incurred defending
against this fraudulent collection by debt collector regarding the
above referenced account.

PAGE 4 of 5

## VERIFICATION AND CERTIFICATION

8.    The undersigned consumer, ___David Kaup___ does herein swear, declare, and affirm that this notice for validation of debt and reservation of rights that the consumer can competently state the matter set forth herein, that the contents are true, correct, and complete. This verification and certification is executed this _6th_ day of _May-2015_ .




_____
(Signature of Consumer)


## PROOF OF SERVICE

    I declare under penalty of perjury under the State of California that I personally mailed a  **"Notice for Validation of Debt"** (5 Pages) and **"Debt Collector's Disclosure Statement"** (3 Pages) to all parties listed below at:

Financial Credit Net

1300 W Main St.

Visalia CA 93291

On this _6th_ day of _May-2015_ , I certify this to be true, correct, and complete.




_____
(Signature of Consumer)


**PAGE 5 of 5**

WHEN COMPLETED RETURN TO:

EXHIBIT D

## DEBT COLLECTOR DISCLOSURE STATEMENT
### Re "Offer of Performance"

This statement and the answers contained herein may be used by Respondent, if necessary, in any court of competent jurisdiction.

### Respondent's Private NOTICE Administrative Remedy Demand No. _____

Notice: This Debt Collector Disclosure Statement is not a substitute for, nor the equivalent of, the hereinabove-requested verification of the record, i.e. "Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition" (Black's Law Dictionary, Sixth Edition, 1990), re the alleged debt, and must be completed in accordance with the Fair Debt Collection Practices Act, 15 USC §1692g, applicable portions of Truth in Lending (Regulation Z), 12 CFR 226, and demands as cited above in Offer of Performance. Debt Collector must make all required disclosures clearly and conspicuously in writing re the following:

1. Name of Debt Collector: ...............................................................................................................................

2. Address of Debt Collector: ...........................................................................................................................

3. Name of alleged Debtor: ...............................................................................................................................

4. Address of alleged Debtor: ...........................................................................................................................

5. Alleged Account Number: .............................................................................................................................

6. Alleged debt owed: $.....................................................................................................................................

7. Date alleged debt became payable: .............................................................................................................

8. Re this alleged account, what is the name and address of the alleged Original Creditor, if different from Debt Collector?
...............................................................................................................................................................

9. Re this alleged account, if Debt Collector is different from alleged Original Creditor, does Debt Collector have a bona fide affidavit of assignment for entering into alleged original contract between alleged Original Creditor and alleged Debtor?
YES   NO

10. Did Debt Collector purchase this alleged account from the alleged Original Creditor?   YES   NO   N/A (Not Applicable)

11. If applicable, date of purchase of this alleged account from alleged Original Creditor, and purchase amount:
Date: ........................................................... Amount: $.......................................................................

12. Did Debt Collector purchase this alleged account from a previous debt collector?   YES   NO   N/A

13. If applicable, date of purchase of this alleged account from previous debt collector, and purchase amount:
Date: ........................................................... Amount: $.......................................................................

14. Regarding this alleged account, Debt Collector is currently the:
(a) Owner; (b) Assignee; (c) Other – explain: ...........................................................................................
...............................................................................................................................................................

15. What are the terms of the transfer of rights re this alleged account? ......................................................
...............................................................................................................................................................

16. If applicable, transfer of rights re this alleged account was executed by the following method:
(a) Assignment; (b) Negotiation; (c) Novation; (d) Other – explain:.........................................................
...............................................................................................................................................................

Respondent's Private NOTICE Administrative Remedy Demand

PAGE 1

17. If the transfer of rights re this alleged account was by assignment, was there consideration?   YES   NO   N/A

18. What is the nature and cause of the consideration cited in # 17 above? ............................................................
..................................................................................................................................................................
..................................................................................................................................................................

19. If the transfer of rights re this alleged account was by negotiation, was the alleged account taken for value?
YES   NO   N/A

20. What is the nature and cause of any value cited in #19 above? ......................................................................
..................................................................................................................................................................

21. If the transfer of rights re this alleged account was by novation, was consent given by alleged Debtor?   YES   NO   N/A

22. What is the nature and cause of any consent cited in # 21 above?...................................................................
..................................................................................................................................................................

23. Has Debt Collector provided alleged Debtor with the requisite *verification* of the alleged debt as required by the *Fair Debt Collection Practices Act*?   YES   NO

24. Date said verification cited above in # 23 was provided alleged Debtor. ...........................................................

25. Was said verification cited above in # 23 in the form of a sworn or affirmed oath, affidavit, or deposition?   YES   NO

26. Verification cited above in # 23 was provided alleged Debtor in the form of:   OATH   AFFIDAVIT   DEPOSTION

27. Does Debt Collector have knowledge of any claim(s)/defense(s) re this alleged account?   YES   NO

28. What is the nature and cause of any claim(s)/defense(s) re this alleged account? ...........................................

29. Was alleged Debtor sold any products/services by Debt Collector?   YES   NO

30. What is the nature and cause of any products/services cited above in # 29? ....................................................
..................................................................................................................................................................

31. Does there exist a verifiable, bona fide, original commercial instrument between Debt Collector and alleged Debtor containing alleged Debtor's bona fide signature?   YES   NO

32. What is the nature and cause of any verifiable commercial instrument cited above in # 31? ...........................
..................................................................................................................................................................

33. Does there exist verifiable evidence of an exchange of a benefit or detriment between Debt Collector and alleged Debtor?
YES   NO

34. What is the nature and cause of this evidence of an exchange of a benefit or detriment as cited above in # 33?
..................................................................................................................................................................

35. Does any evidence exist of verifiable external act(s) giving the objective semblance of agreement between Debt Collector and alleged Debtor?   YES   NO

36. What is the nature and cause of any external act(s) giving the objective semblance of agreement from #35 above?
..................................................................................................................................................................

37. Have any charge-offs been made by any creditor or debt collector regarding this alleged account?   YES   NO

38. Have any insurance claims been made by any creditor or debt collector regarding this alleged account?   YES   NO

Respondent's Private  NOTICE  Administrative Remedy Demand

39. Have any tax write-offs been made by any creditor or debt collector regarding this alleged account?   YES   NO

40. Have any tax deductions been made by any creditor or debt collector regarding this alleged account?   YES   NO

41. Have any judgments been obtained by any creditor or debt collector regarding this alleged account?   YES   NO

42. At the time the alleged original contract was executed, were all parties apprised of the meaning of the terms and conditions of said alleged original contract?   YES   NO

43. At the time the alleged original contract was executed, were all parties advised of the importance of consulting a licensed legal professional before executing the alleged contract?   YES   NO

44. At the time the alleged original contract was executed, were all parties apprised that said alleged contract was a private credit instrument?   YES   NO

Debt Collector's failure, both intentional and otherwise, in completing/answering points "1" through "44" above and returning this Debt Collector Disclosure Statement, as well as providing Respondent with the requisite *verification* validating the hereinabove-referenced alleged debt, constitutes Debt Collector's tacit agreement that Debt Collector has no verifiable, lawful, bona fide claim re the hereinabove-referenced alleged account, and that Debt Collector tacitly agrees that Debt Collector waives all claims against Respondent and indemnifies and holds Respondent harmless against any and all costs and fees heretofore and hereafter incurred and related re any and all collection attempts involving the hereinabove-referenced alleged account.

Declaration: The Undersigned hereby declares under penalty of perjury of the laws of this State that the statements made in this Debt Collector Disclosure Statement are true and correct in accordance with the Undersigned's best firsthand knowledge and belief.

_____                    _____
Date                                                Printed name of Signatory

_____                    _____
Official Title of Signatory                         Authorized Signature for Debt Collector

Debt Collector must timely complete and return this Debt Collector Disclosure Statement, along with all required documents referenced in said Debt Collector Disclosure Statement. Debt Collector's claim will not be considered if any portion of this Debt Collector Disclosure Statement is not completed and timely returned with all required documents, which specifically includes the requisite *verification*, made in accordance with law and codified in the *Fair Debt Collection Practices Act* at 15 USC §1692 et seq., and which states in relevant part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes "the false representation of the character, or legal status of any debt," and "the threat to take any action that cannot legally be taken," all of which are violations of law. If Debt Collector does not respond as required by law, Debt Collector's claim will not be considered and Debt Collector may be liable for damages for any continued collection efforts, as well as any other injury sustained by Respondent. Please allow thirty (30) days for processing after Respondent's receipt of Debt Collector's response.



# FINANCIAL CREDIT
## - N E T W O R K -

03 JUN 2015

7922119

12 FEDERAL CORRECTIONAL INS
PO BOX 3850
ADELANTO CA 92301

REFERENCE:

189105

THANK YOU FOR YOUR LETTER.   MARKED BELOW IS THE DETERMINATION
WE HAVE MADE:

__   WE HAVE UPDATED YOUR CREDIT REPORT TO REFLECT
     YOUR DISPUTE.

__   WE HAVE REQUESTED THE ITEMIZED STATEMENT.

X__  WE HAVE DELETED THE ACCOUNT FROM YOUR CREDIT REPORT.

__   WE ARE WAITING ON A RESPONSE FROM OUR CLIENT.

X__  AFTER CAREFUL REVIEW YOUR ISSUES HAVE BEEN PREVIOUSLY
     ADDRESSED.

WE APPRECIATE THE OPPORTUNITY TO ASSIST YOU AND HOPE YOU
WILL CALL OUR OFFICE AT 800-540-9011.

SINCERELY,

FINANCIAL CREDIT NETWORK, INC.


The letter/document may contain protected health care
information. If you are not the intended recipient,
please notify our office and destroy immediately.

IMPORTANT NOTICE: THIS COMMUNICATION HAS BEEN SENT TO YOU
BY A DEBT COLLECTOR. FEDERAL LAW REQUIRES WE INFORM YOU
THAT THIS IS AN ATTEMPT TO COLLECT A DEBT.   ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.

1300 W. Main St. Visalia, CA 93291 • 1610 State St. Santa Barbara, CA 93101 • www.fcnetwork.com • (800) 540-9011

David Faup - 62547112
Federal Correctional Institute 2
P.O. Box 3850
Adelanto, CA 92301

Federal Correctional Complex
C/O Mail Room
P.O. Box 5400
Adelanto, CA 92301

Date:   JUL 1 3 RECD

"The enclosed letter was processed
through special mailing procedures for
forwarding to you. The letter has neither
been opened nor inspected. If the writer
raises a question or problem over which
this facility has jurisdiction, you may wish
to return the material for further information
or clarification. If the writer encloses
correspondence for forwarding to another
addressee, please return the enclosure to
the above address."

Legal Mail

United States District Court
Office of the Clerk
U.S. Courthouse, Room G 8
Los Angeles, CA 90012

JUL 17 2015
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CV Complaint